**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRENDA FAYE BRYANT,
        Appellant,

        v.

DEPARTMENT OF AGRICULTURE,
        Agency.

DOCKET NUMBER
AT-0752-18-0475-I-1

DATE:  December 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brenda Faye Bryant</u>, Deland, Florida, pro se.

<u>Valerie Portwood</u>, Saint Louis, Missouri, for the agency.

<u>David Organes</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-12 Loan Specialist working with the agency in Florida. Initial Appeal File (IAF), Tab 6 at 19. In or about January 2018, the agency's State Director issued a directive that, effective April 2, 2018, all GS-12 Loan Specialists would have to be present in the office 4 days per week for training and outreach. *Id*. at 24, 34. Until this time, the appellant teleworked 4 days per week and was only present in the office 1 day per week. *Id*. at 34.

On January 24, 2018, the appellant requested that she be allowed to continue teleworking 4 days per week as a reasonable accommodation of her disability. *Id*. She asserted that prolonged travel in a car caused her pain in her back, hip, and legs, and that the 65-mile commute between her home and the office was such that she could only tolerate it once per week with the help of pain medication. *Id*. She indicated that she could not increase her pain medication in order to come into the office more often because doing so would adversely affect her overall health. *Id*.

After receiving corroborating medical documentation from the appellant, the agency determined that she had a disability. *Id*. at 26. On March 26, 2018, the State Director denied the appellant's request, indicating that the appellant could not meet the requirements of her position without appearing at the office 4 days per week. IAF, Tab 7 at 24. Instead, the State Director offered the appellant the following accommodations: (1) liberal leave; (2) an adjustable standing desk; (3) telework on days when the appellant had a doctor's appointment; and (4) two 15-minute paid health breaks each day. *Id*. The appellant was informed that she could request the State Director to reconsider her decision, or request that the agency's Disability Employment Program Manager reconsider the State Director's decision. *Id*. at 25. The appellant was also informed about the possibility of filing an equal employment opportunity (EEO) complaint, a union grievance, a Board appeal, or of utilizing the agency's alternative dispute resolution process. *Id*.

On March 28, 2018, the appellant submitted a request to retire effective April 2, 2018. IAF, Tab 6 at 17. Her separation was processed as a voluntary retirement. *Id*. at 16, 19. The appellant then filed this appeal and requested a hearing. IAF, Tab 1. In a subsequent filing, she argued that her retirement was involuntary because she could not commute to work 4 days a week and her request to telework as an accommodation was denied. IAF, Tab 3 at 4.

The administrative judge set forth the applicable burdens of proof and ordered the appellant to make a nonfrivolous allegation of Board jurisdiction over her appeal. IAF, Tab 4. The parties responded to the administrative judge's order. IAF, Tabs 7-8. In an initial decision, the administrative judge found that because, among other things, the appellant could have sought review of the State Director's decision, she had failed to nonfrivolously allege that her retirement was involuntary. IAF, Tab 9, Initial Decision (ID) at 5-6. He therefore dismissed her appeal for lack of jurisdiction without holding a hearing. ID at 6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An employee's retirement is presumed to be a voluntary action and, as such, is not within the Board's jurisdiction. *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010). An involuntary retirement, however, is tantamount to a removal, and, accordingly, is appealable to the Board. *Id*. The presumption that a retirement is voluntary can be rebutted by evidence showing that the retirement was the result of agency misrepresentation, coercion, or duress.[2] *Id*.

The appellant bears the burden of proving by preponderant evidence that the matter she is appealing is within the Board's authority to review. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 11, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). If the appellant makes a nonfrivolous allegation that the matter is within the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction. *Id*. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id*.

Here, the appellant indicates that her retirement was the result of coercion rather than misrepresentation. PFR File, Tab 1 at 4. Accordingly, she is only entitled to a hearing if she makes an allegation of fact that, if proven, could establish that the agency coerced her retirement. *See Brown*, 115 M.S.P.R. 609, ¶ 11. For the following reasons, we find that the appellant failed to make a

---

[2] The terms coercion and duress have been used interchangeably by the Board. *See Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 6 (2002); *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-21 (1995); *Collins v. Defense Logistics Agency*, 55 M.S.P.R. 185, 188 (1992), *modified on other grounds by Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325 (1994).

nonfrivolous allegation that her retirement is an action within the Board's jurisdiction.

To establish coercion, "an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). In determining whether an employee was coerced into resignation or retirement, the Board will consider allegations of discrimination and reprisal only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Brown*, 115 M.S.P.R. 609, ¶ 10.

It is well settled that an appellant may show that her retirement was involuntary due to an agency's failure to provide a reasonable accommodation for her disability. *E.g., Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 13 (2007). However, if an employee has a choice between contesting the validity of an agency action and retiring, the employee's decision to retire is voluntary. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶¶ 17-18 (2009).

Here, the appellant indicates that it would have been futile to ask the State Director to reconsider her decision denying the request for an accommodation because the State Director had made it clear that she would not change her mind. PFR File, Tab 1 at 4. However, the appellant was informed that she also had the options of requesting that the Disability Employment Program Manager reconsider the State Director's decision and of seeking redress through various administrative processes. IAF, Tab 7 at 25.

The Board has held that an appellant's failure to exhaustively challenge alleged discriminatory actions through the EEO process, when she did not prove that doing so would be futile or that the agency was handling her EEO complaints

inequitably, undermined an involuntary resignation claim. *Axsom*, 110 M.S.P.R. 605, ¶¶ 17-18; *see Baker v. U.S. Postal Service*, 84 M.S.P.R. 119, ¶¶ 21-23 (1999) (finding that an employee failed to establish that his ignored accommodations request rendered his resignation involuntary because he could have contacted other management officials or filed a grievance—his feeling that such actions would prove unsuccessful did not excuse his failure to act); *see also Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (finding that a resignation was not involuntary if the employee had a choice whether to resign or contest the validity of the agency action). Here, the appellant has failed to nonfrivolously allege that seeking reconsideration with the Disability Employment Program Manager, or redress through other administrative processes, would have been futile.[3]

Instead, the appellant indicates that in order to seek such review she would have had to use up all her leave, which would have then allegedly decreased her retirement annuity.[4] PFR File, Tab 1 at 5-6. Additionally, in response to the administrative judge's suggestion that she alternatively could have relocated her home to somewhere closer to the office, ID at 6 n.2, the appellant asserted that such a move was unfathomable,[5] PFR File, Tab 1 at 5, 7.

However, the appellant has failed to state the basis for her belief that her only option, other than retirement, would have been to use up her leave pending reconsideration or administrative redress. IAF, Tab 7 at 7-9; PFR File, Tab 1

[3] Indeed, on May 16, 2018, after she retired and filed this appeal, the appellant also filed a formal EEO complaint regarding her request for a reasonable accommodation. IAF, Tab 6 at 14.

[4] The appellant has failed to allege by what amount her retirement annuity would have been decreased if she was required to use all her leave prior to retiring. Based on the way unused sick leave is used in calculating retirement annuities, it is unlikely that the appellant's use of leave would significantly reduce her retirement annuity.

[5] In light of our other findings that the appellant failed to show that her decision to retire was involuntary, we need not determine whether the administrative judge's suggestion that the appellant should relocate or use leave was improper or constituted reasonable accommodations.

at 5-7. The appellant did state that "[t]he only two options the State Director provided to [her] were to either begin driving back and forth [4] days a week or use up all [her] accrued leave time while [she] waited for review of her decision." IAF, Tab 7 at 9. However, the appellant does not indicate whether this was merely her interpretation of the State Director's decision, or whether the State Director or another individual explicitly informed her that these were her only options. *Id*. The State Director's decision does not state that the appellant would be required to either come into the office or use her leave while she waited for a review of her decision. *Id*. at 24-25. Accordingly, the appellant's assertion that she would have been required to use her leave pending further review of the State Director's decision does not constitute a nonfrivolous allegation that her retirement was involuntary. *See Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 5 (2000) (finding that conclusory, vague, or unsupported allegations are insufficient to meet the nonfrivolous allegation standard).

Significant to the Board's involuntariness analysis is the existence of undue time pressure to make a decision regarding whether to retire. *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 10 (2007). It is true that the State Director denied the appellant's request to continue teleworking 4 days per week on March 26, 2018, and that the State Director had previously directed that employees such as the appellant would be limited to teleworking 1 day per week beginning on April 2, 2018. IAF, Tab 6 at 24. However, as indicated above, the appellant has not alleged that she sought any clarification about her options after receiving the State Director's decision, such as whether she could continue teleworking 4 days per week while seeking review of the decision or whether she would face discipline if she did not report to work 4 days a week. Assuming arguendo that the appellant was apprehensive about the agency taking disciplinary action against her for not reporting to work as directed, she had the option of contesting such discipline if and when it was brought. *See Brown*, 115 M.S.P.R. 609, ¶ 15. We therefore find that the appellant failed to nonfrivolously allege that

the agency used time to pressure her into making a decision regarding whether to retire. *See id*. For the foregoing reasons, we find that the appellant failed to nonfrivolously allege that her retirement was involuntary and dismiss her appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Jennifer Everling*

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.